UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-1100 JGB (DTBx)** | Date | May 28, 2026 |
|---|---|---|---|
| Title | ***Taryll Sutton v. Staffing Synergies, Inc., et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 13); and
(2) VACATING the June 1, 2026 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff Taryll Sutton's motion to remand.  ("Motion," Dkt. No. 13.)
The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78;
L.R. 7-15.  After considering the papers filed in support of and in opposition to the matter, the
Court **DENIES** the Motion and **VACATES** the June 1, 2026 hearing.

## I.  BACKGROUND

On January 22, 2026, Plaintiff Taryll Sutton ("Plaintiff") filed a putative wage-and-hour
class action complaint in the Superior Court of California, County of San Bernardino, asserting
eight claims for relief.  ("Complaint," Dkt. No. 1-1.)  Defendants Staffing Synergies, Inc.
("Synergies Companies LLC"), Menasha Packaging Company, LLC ("MPC"), Menasha
Corporation, and Menasha Global, LLC (collectively, "Defendants") removed the action under
28 U.S.C. § 1332 and Class Action Fairness Act of 2005 ("CAFA").  ("Notice of Removal,"
Dkt. No. 1.)  Plaintiff moves to remand the action, arguing Defendants have not met their burden
regarding the amount in controversy.  (Mot.)  Defendants opposed the Motion.  ("Opposition,"
Dkt. No. 14.)  Plaintiff replied in support of the Motion.  ("Reply," Dkt. No. 15.)

## II.  LEGAL STANDARD

"CAFA gives federal district courts original jurisdiction over class actions in which the
class members number at least 100, at least one plaintiff is diverse in citizenship from any
defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interests and
costs."  Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1195 (9th Cir. 2015).  "In

---

determining the amount in controversy, courts first look to the complaint.  Generally, the sum
claimed by the plaintiff controls if the claim is apparently made in good faith.”  Id. at 1197
(quotations omitted).   “Whether damages are unstated in a complaint, or, in the defendant’s
view are understated, the defendant seeking removal bears the burden to show by a
preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when
federal jurisdiction is challenged.”  Id.

Where a plaintiff makes a factual attack in the context of CAFA jurisdictional
requirements, defendants are required to support their jurisdictional allegations with proof
typically considered at summary judgment.  A factual attack “contests the truth of the . . .
allegations” themselves.  Id. (citation omitted).  “When a plaintiff mounts a factual attack, the
burden is on the defendant to show, by a preponderance of the evidence, that the amount in
controversy exceeds the $5 million jurisdictional threshold.”  Id.  (quoting Ibarra, 775 F.3d at
1197).  A factual attack “need only challenge the truth of the defendant’s jurisdictional
allegations by making a reasoned argument as to why any assumptions on which they are based
are not supported by evidence.”  Harris v. KM Indus., Inc., 980 F.3d 694, 700 (9th Cir. 2020)
(citing Ibarra, 775 F.3 at 1199 (finding that it is sufficient to “contest[ an] assumption” without
“assert[ing] an alternative [assumption] grounded in real evidence”)).

A defendant is required to file a notice of removal that includes only “a plausible
allegation that the amount in controversy exceeds the jurisdictional threshold.”  Dart Cherokee
Basin Operating Co. v. Owens, 574 U.S. 81, 88 (2014).  But if a plaintiff contests these
allegations, “both sides submit proof and the court decides, by a preponderance of the evidence,
whether the amount-in-controversy requirement has been satisfied.”  Id.  The preponderance of
the evidence standard requires that “the defendant must provide evidence establishing that it is
more likely than not that the amount in controversy exceeds that amount.”  Sanchez v.
Monumental Life. Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotations omitted).  The
parties “may submit evidence outside the complaint, including affidavits or declarations, or other
summary-judgment-type evidence relevant to the amount in controversy at the time of the
removal.”  Ibarra, 775 F.3d at 1197 (internal quotations and citation omitted).  “[A] defendant
cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable
assumptions.”  Id.

“CAFA’s requirements are to be tested by consideration of real evidence and the reality
of what is at stake in the litigation, using reasonable assumptions underlying the defendant’s
theory of damages exposure.”  Id. at 1198.  “As with other important areas of our law, evidence
may be direct or circumstantial.  In either event, a damages assessment may require a chain of
reasoning that includes assumptions.  When that is so, those assumptions cannot be pulled from
thin air but need some reasonable ground underlying them.”  Id. at 1199.  “Under the
preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in
equipoise, the scales tip against federal-court jurisdiction.”  Id.

//

---

**CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk MG

### III.  DISCUSSION

Plaintiff argues this matter should be remanded because: (1) Defendants have failed to show that the amount in controversy is more than $5 million, and (2) the Court does not have jurisdiction over Plaintiff's UCL claim.  (Mot. 10–14.)

Plaintiff also objects to the declaration of Robert Buckner ("Buckner") filed in support of the Opposition, arguing that he lacks the foundation to opine on Defendants' personnel matters.  (See Reply at 10; Dkt. No. 15-1.)  The Court **OVERRULES** Plaintiff's objections because Buckner is MPC's Director of Human Resources, where he oversees MPC's personnel records and thus has knowledge of pertinent information, including the number of employees since 2024, average pay, and overtime hours worked.

### A.  Amount In Controversy

First, it appears that Plaintiff makes a facial attack, rather than a factual one.  "A facial attack accepts the truth of the [defendant's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction."  Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014) (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)).  Under a facial attack, the defendant is not required to present evidence to support removal jurisdiction.  Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1228 (9th Cir. 2019). In contrast, a factual attack "contests the truth of the [defendant's] factual allegations[.]"  Id. (quoting Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020)) (internal quotation marks omitted).  "A factual attack, however, need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence."  Harris v. KM Indus., Inc., 980 F.3d 694, 700 (9th Cir. 2020).  Only upon a factual attack must a defendant support its allegations by a preponderance of the evidence with competent proof.  Leite, 749 F.3d at 1122.

Here, Plaintiff does not contest the truthfulness of Defendants' jurisdictional allegations. Rather, Plaintiff merely states Defendants' jurisdictional allegation is "undeniably conclusory, yet Defendant did not offer any evidence to arrive at this conclusion."  (Mot. at 11.)  However, Plaintiff is reminded that "'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions."  Ibarra, 775 F.3d at 1197.  A factual attack would consist of, at a minimum, advancing a reasonable argument that the class has fewer than 100 members or that the damages sought could not amount to $5 million.  Even better if a plaintiff also provides evidence beyond the pleadings.  But Plaintiff does neither.  (See Mot. at 4–7.)  Plaintiff does not mount a factual attack like the plaintiff in Harris, who "sufficiently disputed the factual basis of [defendant's] assumption that all Hourly Employee Class members had suffered one meal and two rest period violations" by arguing that it was unlikely that "all members of the Hourly Employee Class worked shifts long enough to qualify for meal and rest periods."  980 F.3d at 700.  Instead, Plaintiff states, "it is completely unclear how many class members are involved," which is not the same as arguing the class size is less than 100.  (Mot. at 12.)  The same can be

---

said for the amount in controversy.  Plaintiff states, "there is no plausible basis to assume that the amount in controversy exceeds $5 million" which does not amount to a factual attack.  (Id.)  Further, Plaintiff primarily relies on a misunderstanding of the law and dedicated most of the Motion to arguing that remand is warranted because, "Defendant[1] has not provided the summary judgment-type proof required to carry their burden of proving, by a preponderance of evidence, that $5 million (or anything close to that number) is in controversy for Plaintiff's causes of action."  (Mot. at 14.)

Since Plaintiff makes a facial attack, the Court accepts Defendants' jurisdictional allegations as true, which states, "Because Plaintiff's allegations span a multi-year period across the entire state of California, the putative class consists of more than 100 members," and "[g]iven the breadth of class claims over a multiyear period for a statewide class of over 100 non-exempt employees, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs."  (Notice of Removal at 7.)  Such allegations are sufficient to invoke the Court's jurisdiction at this time.  See Dart Cherokee, 574 U.S. at 88.

To the extent Plaintiff wishes to contest the assumption rates relied on by Defendants, such arguments are misplaced given what is pleaded in his Complaint.  Plaintiff alleges that "throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of: (a) Failing to pay employees for all hours worked, including all minimum wages, and overtime wages . . . (b) Failing to provide employees with timely and duty-free meal periods . . . (c) Failing to authorize and permit employees to take timely and duty-free rest periods . . . (d) Failing to indemnify employees for necessary business expenses incurred . . . (e) Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due . . . (f) Failing to maintain accurate records of the hours that employees worked . . . and (g) Failing to provide employees with accurate, itemized wage statements."  (Complaint at 1–2.)  Plaintiff argues that the use of the word "regularly" which appear in paragraphs 47 and 54 of the Complaint sufficiently demonstrates Defendants alleged unlawful practices were not "universal."  (Reply at 8.)  But such argument is at odds with Plaintiff's use of "pattern and practice" which "implies conduct that is routine and recurring, rather than isolated or infrequent."  Montes v. Thorntons LLC, No. 25-CV-05895-EKL, 2026 WL 765424, at *5 (N.D. Cal. Mar. 18, 2026).

Even if Plaintiff thinks a lower violation rate could be supported by his Complaint, "that does not automatically render the rate assumed by [Defendants] unreasonable.  And if [Plaintiff] believed that some other assumption would have been *more* reasonable, [he] was free to propose that rate.  ([He] was also free to use some more specific phrase[s] . . . when drafting the

---

[1] Throughout the Motion, Plaintiff refers to "Defendant" rather than "Defendants," leading the Court to believe this is a copied and pasted Motion that is not tailored to the circumstances in this matter.  Indeed, this Motion is almost identical to another motion to remand filed before this Court in Rosas, et al. v. Menasha Global LLC, et al., 5:26-cv-00987-JGB-ACCVx.  **Counsel is put on notice that filing another boilerplate motion, like the one here, will result in the motion being struck.**

complaint; had [he] done so, [he] could have constrained the range of assumptions that [Defendants] could reasonably adopt.)" Perez v. Rose Hills Co., 131 F.4th 804, 810 (9th Cir. 2025). Defendants have used reasonable estimates regarding Plaintiff's claims. For example, for his overtime claim, Plaintiff alleges "throughout the statutory period, Plaintiff and the Class were required to work 'off-the-clock' and uncompensated" because they "were required to complete security checks, including going through metal detectors and checking in with the front desk, before clocking in for their shifts." (Complaint ¶ 18.) Given this allegation, Defendants estimate "half-hour of overtime per work day, five days a week, for a total of 2.5 overtime hours per week." (Opp'n at 8.) The Court does not find Defendants' violation rate unreasonable in light of Plaintiff's allegation that, every time employees clocked in, they were subjected to uncompensated security checks.

Thus, the amount in controversy as alleged by Defendants is sufficient to support removal. Plaintiff chose a broad, unspecific approach to pleading and did not provide alternative violation rates or even a reasoned argument undermining the factual underpinnings of Defendants' jurisdictional allegation. Therefore, Plaintiff's Motion is **DENIED**.

## B. Jurisdiction of Plaintiff's UCL Claim

Plaintiff also argues that the entire case must be remanded because he raises an equitable claim that cannot be adjudicated in this Court. (Mot. at 13–14.) The Court is unpersuaded. Plaintiff pled multiple causes of action that do not pose issues under the limits of this Court's jurisdiction over equitable claims. (See Complaint.) The Court frequently oversees cases with inadequately pled equitable claims, which are dismissed if they cannot be properly amended to satisfy the Court's equitable jurisdiction standards. Unlike in Clevenger v. Welch Foods Inc., this case does not involve an equitable claim that was previously pled in state court, removed to federal court, dismissed from federal court, re-pled in state court, and then re-removed to federal court in an apparent effort to insulate the claim from ever being heard in any court. 2023 WL 2390630, at *3 (C.D. Cal. Mar. 7, 2023). Plaintiff offers no persuasive authority for remanding an entire case because one claim among many presents an issue with satisfying federal equitable pleading standards. As such, the Court declines to remand the case on this basis.

Having determined that neither basis offered by Plaintiff for remand is persuasive, Plaintiff's Motion is **DENIED**.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion is **DENIED**, and the hearing set for June 1, 2026 is **VACATED**.

**IT IS SO ORDERED.**